*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

DEC - 5 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>STEPHEN LUNA,<br><br>       Debtor. | Case No. 05-39994-D-13L<br>Docket Control No. MWB-10<br><br>DATE:  November 20, 2007<br>TIME:  1:00 p.m.<br>DEPT:  D (Courtroom 34) |

### MEMORANDUM DECISION ON SECOND MOTION FOR APPROVAL OF ATTORNEYS FEES AND COSTS PAYABLE

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

Stephen Luna (the "debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on March 16, 2004. Throughout this case Mark W. Briden, Attorney at Law ("Counsel") has acted as counsel for the debtor and this is Counsel's second fee motion. Through this second fee motion (the "Motion"), Counsel seeks additional compensation of $4,231.50 in fees and $132.72 in costs. Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness.

Section 330 of the Code sets out the standard for which courts should determine the reasonableness of attorney's fees. This section provides that in determining the amount of

reasonable compensation the court should consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases. Reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003).

In determining reasonableness under § 330(a)(3)(D) of the Code, the court is to consider whether services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. One component of this analysis requires the court to look at what other competent Chapter 13 practitioners would charge for a Chapter 13 case similar in complexity.

"The burden is upon the applicant to demonstrate that the fees are reasonable." In re Basham, 208 B.R. 926, 931-932 (9th Cir. BAP 1997) [citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983)].

At the outset the court notes that Counsel represents Chapter 13 debtors on a regular basis. Although it was necessary for Counsel to respond to various motions for relief from stay and the trustee's motion to dismiss, there is nothing out of the ordinary about this Chapter 13 case. Rather, the debtor's case is a routine, non-business Chapter 13 proceeding. Further, the court notes that when considering the original fee that the debtor paid, along with the fees already approved under Counsel's

/ / /

prior fee motion, Counsel has already been paid a total of $3,511.20 in this case.

Turning now to Counsel's fee request, the court finds that Counsel's hourly rate ($195 per hour) is reasonable and the court does not have an issue with the quality of Counsel's services. With that said, the court does have a real concern whether Counsel's fee request is reasonable.

The burden is on Counsel to demonstrate that the fees requested are reasonable. The Motion is void of any analysis or discussion as to the reasonableness of the fees requested. Accordingly, Counsel has not met his burden demonstrating the fees requested are reasonable. On the contrary, and for the reasons stated below, the court finds the aggregate fee requested in this case is excessive and unreasonable.

There are numerous time entries that are excessive. By way of example only, on April 7, 2006 Counsel charged 1.4 hours for "Formulation and Preparation re Docket Number MSB-7 Motion for Order Confirming Second Amended Chapter 13 Plan." Then on October 25, 2007 Counsel charged 1.8 hours for "Formulation and Preparation re Docket Number MSB-7 Notice and Motion for Order Confirming Modification to Second Amended Chapter 13 Plan." Both of these motions are two-page, boilerplate pleadings. A review of the time charged for these boilerplate motions leads the court to one of two conclusions. One, that Counsel is extremely inefficient, or alternatively the time charged is grossly inflated. In either event these charges are clearly excessive and unreasonable.

/ / /

However, rather than dissect Counsel's fee request line-by-line, or task-by-task, the court chooses to review the Motion on a global basis to determine the reasonableness of the fees requested. The court finds the total fee requested in this case exceeds the reasonable value of services rendered when compared to what other competent practitioners would charge for a Chapter 13 case of similar complexity.

The court notes that under the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases Applicable in the Eastern District of California (the "Fee Guidelines") in effect when this case was filed, the allowed "opt-in" fee for a Chapter 13 case was $2,500 and $4,000 for a business case. Although attorneys can "opt-out" of the Fee Guidelines, there is a general presumption that the fixed fee provided for in the Fee Guidelines for attorneys who "opt-in" is sufficient to cover the basic attorney services necessary in a routine Chapter 13 case. See Eliapo, supra at 599. In fact, many competent Chapter 13 attorneys use the "opt-in" procedure provided for in the Fee Guidelines and provide full representation for the fixed fee.

Although Counsel has opted out of the Fee Guidelines, the fixed fee charged by many competent Chapter 13 practitioners is used as a guide as to what is reasonable compensation for handling a routine chapter 13 case. The court finds that even when considering that it was necessary for Counsel to respond to motions for relief from stay and to respond to the trustee's motion to dismiss, that reasonable compensation does not exceed 200% of the fixed fee allowed under the Guidelines. In fact, 200% of the fixed fee is a generous allowance for the services

- 4 -

rendered in this case. Accordingly, the court finds reasonable compensation to be $5,000.00 ($2,500 x 2 = $5,000).

As Counsel has already been paid $3,511.20, the court will allow additional compensation in the amount of $1,488.80.

A separate order will be entered consistent with this memorandum decision.

Dated:      DEC - 5 2007

Robert S. Bardwil
United States Bankruptcy Judge

## Certificate of Service

I certify that on ___DEC - 5 2007___ a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Briden
P.O. Box 493085
Redding, CA 96049-3085

Stephen Luna
260 N Gilman Street
Susanville, CA 96130

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: ___/s/ Andu Sm___
       Deputy Clerk